UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

GREAT AMERICAN E&S INSURANCE
COMPANY,

    Plaintiff,

v.

CHICAGO TITLE LAND TRUST
COMPANY, as Trustee under Trust No.
80002369166 dated September 10, 2015;
BCL-LT BENEFICIARY, LLC; BCL
HOME REHAB, LLC; BARNETT
CAPITAL LIMITED; LOUIS BOWERS;
and CHRISTINA BOWERS,

    Defendants.

Case No. 20-cv-02004

Honorable Martha M. Pacold

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND
ENTRY OF FINAL JUDGMENT**

Plaintiff Great American E&S Insurance Company ("Great American"), by its undersigned counsel, pursuant to Rule 55(b) and Rule 58 of the Federal Rules of Civil Procedure, hereby moves for an entry of default judgment against: (i) Chicago Title Land Trust Company, as Trustee under Trust No. 80002369166 dated September 10, 2015; (ii) BCL-LT Beneficiary, LLC; (iii) BCL Home Rehab, LLC; and (iv) Barnett Capital Limited (together with Chicago Title Land Trust Company, BCL-LT Beneficiary, LLC and BCL Home Rehab, LLC, the "BCL Entities"), and for entry of final judgment against all defendants (the BCL Entities, and Louis Bowers and Christina Bowers. In support thereof, Great American states as follows.

1

## I. BACKGROUND

### A. The Underlying Lawsuit

On or about September 24, 2019, Defendants Louis Bowers and Christina Bowers (collectively, "the Bowers") filed a lawsuit against the BCL Entities, among others, captioned *Louis Bowers, et al. v. Chicago Title Land Trust Company, et al.*, Case No. 2019CH11018, Circuit Court of Cook County, Illinois ("the Underlying Lawsuit"). *See* Docket 1, Exhibit A. According to the Underlying Lawsuit, in or around December 2017, the Bowers contracted to purchase residential property located at 3817 N. Wayne Avenue in Chicago, Illinois ("the Property"). *See* Docket 1, Exhibit A, ¶9. Prior to closing, the Bowers had an inspection performed, and the inspection allegedly noted evidence of water infiltration and possible mold. *See* Docket 1, Exhibit A, ¶ 12. In October 2018, BCL Home Rehab, LLC, BCL-LT Beneficiary, LLC, and the Bowers entered into a Mutual Release and Settlement Agreement ("the Release") in connection with costs incurred by the Bowers to investigate and remedy certain alleged problems at the Property. *See* Docket 1, Exhibit A, ¶24. The Release, however, allegedly still required BCL Home Rehab, LLC and BCL-LT Beneficiary, LLC to undertake warranty and other repair work. *See* Docket 1, Exhibit A, ¶24. The Bowers allege throughout the Underlying Lawsuit that the Property was replete with defects in the workmanship. Docket 1, Exhibit A, ¶¶10, 12, 14, 16, 25 and 30. In August 2019, although the Property had not yet been

fully repaired, the BCL Entities informed the Bowers that no more funds were available for repairs. *See* Docket 1, Exhibit A, ¶44.

With respect to two of the three BCL Entities – BCL-LT Beneficiary, LLC and Barnett Capital Limited – the Underlying Lawsuit contains five Counts: (1) Rescission against Defendant BCL-LT Beneficiary, LLC; (2) Breach of Warranty against Defendant BCL-LT Beneficiary, LLC; (3) Violations of the Illinois Consumer Fraud Act against Barnett Capital; (4) Negligence against Barnett Capital; and (5) Promissory Estoppel against Barnett Capital. *See* Docket 1, Exhibit A, pages 14-22. While the Bowers named BCL Home Rehab, LLC as a defendant, none of the counts were brought against BCL Home Rehab, LLC. *See* Docket 1, Exhibit A, pages 14-22.

**B. The BCL Entities Failed to Answer or Otherwise Plead in Response to Great American's Complaint, and Their Default Was Entered.**

On March 27, 2020, Great American filed its Complaint for Declaratory Judgment. *See* Docket 1. None of the BCL Entities answered or otherwise pled within the time permitted by Rule 12 of the Federal Rules of Civil Procedure. Great American moved for a default against the BCL Entities pursuant to Federal Rule of Civil Procedure 55(a). *See* Dockets 25 & 37. On August 3, 2020, the Court entered the default of Chicago Title, and on January 4, 2021, this Court entered the default of the remaining BCL Entities. *See* Dockets 28 & 39.

More than two years have passed since entry of the BCL Entities' default. The BCL Entities have not appeared, and they have not contacted undersigned counsel with respect to this matter.

### C. On March 1, 2022, The Court Ruled That Great American Has No Duty To Defend Or Indemnify The Defendants In The Underlying Suit.

On March 1, 2023, the Court entered an order (the "March 1, 2023 Order") granting Great American's unopposed motion for summary judgment (the "Great American Unopposed Motion for Summary Judgment"), which the court construed as a motion for partial summary judgment against defendants Louis and Christina Bowers. *See* Docket Nos. 59, 65. In the March 1, 2023 Order, the Court stated that "Great American has no duty to defend or indemnify the defendants in the underlying suit." March 1, 2023 Order, p. 4.

### D. Although The Underlying Lawsuit Has Been Dismissed Pursuant to a Settlement, The Tender and Demand For Performance Under the Policy Was Never Withdrawn.

On October 25, 2022 an Order of Dismissal was entered in the Underlying Lawsuit, dismissing the Underlying Lawsuit with prejudice pursuant to a settlement (the "Order of Dismissal"). A copy of the Order of Dismissal is attached hereto as Exhibit A and was included in Great American's Status Report. *See* Docket 66, Exhibit 1. To date, Great American has received no communication from any of the BCL Entities regarding the Underlying Lawsuit, apart from an initial tender of the lawsuit. However, neither settlement nor failure to communicate about the Underlying Lawsuit resolves this matter – the BCL Entities tendered the Underlying Lawsuit to Great American for a defense, and they never withdrew that tender and their demand for performance by Great American. The limitations period for those BCL Entities that are insured under the Policy to assert a claim arising from the

4

foregoing has not expired, and Great American accordingly needs the declaratory relief sought in its Complaint in this action.

## II. APPLICABLE LAW

### A. Legal Standard – Default Judgment

Rule 55 of the Federal Rules provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
> **(1)** *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> **(2)** *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter.

FED. R. CIV. P. 55.

Consistent with this rule, the Seventh Circuit has explained that: "There are two stages in a default proceeding: the establishment of the default, and the actual

entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Once default has been established, the movant must apply to the Court for a default judgment. FED. R. CIV. P. 55(b). With respect to a default judgment, "the well-pleaded allegations of a complaint relating to liability are taken as true." *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Accordingly, whereas here, the BCL Entities have already been defaulted (*See* Docket 39), Great American's allegations in the Complaint for Declaratory Judgment (*See* Docket 1) should be taken as true.

### B. Legal Standard – Final Judgment

When no further relief is possible on any parties' claims, final judgment is entered. FED. R. CIV. P. 58(b)(1)(C); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1020 (7th Cir. 2013) ("When a district court believes it is done with a case, it enters a final judgment under Rule 58."). A decision is final if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. *Paganis v. Blonstein*, 3 F.3d 1067, 1069 (7th Cir. 1993).

Courts have also explained that a final judgment must be complete and self-contained, and must "set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief." *Id.* To determine whether a judgment is final, the language of the judgment itself is controlling. *Id.*

## III. ARGUMENT

### A. Entry of Default Judgment Under Rule 55 Is Proper.

The Court entered the default of the BCL Entities. Specifically, in its order of August 30, 2020, the Court ordered:

> MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion for entry of default against Chicago Title Land Trust Company, as Trustee under Trust No. 80002369166 dated September 10, 2015 [25] is granted. The court hereby enters a default against Defendant Chicago Title Land Trust Company, as Trustee under Trust No. 80002369166 dated September 10, 2015 for failure to timely appear, answer or otherwise plead to plaintiff's complaint.

In its order of January 4, 2021, the Court ordered:

> MINUTE entry before the Honorable Martha M. Pacold: No defendant objected to plaintiff's motion for entry of default [37]. Plaintiff's motion [37] is granted. Pursuant to Rule 55(a), the court hereby enters a default against defendants BCL–LT Beneficiary, LLC; BCL Home Rehab, LLC; and Barnett Capital Limited for failure to timely appear, answer or otherwise plead to plaintiff's complaint.

Thereafter, Great American sought the entry of default judgments against these entities, but the Court entered an order addressing the fact that the Bowers defendants had answered, and there was a risk of inconsistent judgments created. *See* Docket No. 50. Those concerns have been resolved by the Court's order of March 1, 2023.

In the March 1st Order, the Court ruled on Great American's Motion for Summary Judgment, which addressed Great American's request for a declaratory judgment that the insurance policy it issued did not apply and Great American accordingly had no duty to defend or indemnify the defendants in the underlying suit brought by the Bowers. The March 1st Order stated:

> The coverage does not apply because there was no "occurrence" within the meaning of the policy. Accordingly, Great American has no duty to defend or indemnify the defendants in the underlying suit

7

> *
>
> Great American's motion for partial summary judgment [59] against Louis and Christina Bowers is granted.

Docket No. 65, p. 4.

In light of the fact that summary judgment was entered against the Bowers, there is no longer the risk of an inconsistency if the Court grants judgment by default against the BCL Entities.

Great American previously briefed why it is entitled to judgment against the BCL Entities. *See Motion for Entry of Default Judgment*, Docket No. 45; *see also Motion for Summary Judgment*, Docket No. 61. Great American incorporates that prior briefing as if fully set forth herein. Restated and summarized:

- Great American Has No Duty to Defend or Indemnify BCL Home Rehab, LLC. Pursuant to the Policy's insuring agreement, Great American "will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." See Docket 1, ¶29 and Docket 1, Exhibit B. While the Bowers name BCL Home Rehab, LLC as a Defendant in the Underlying Lawsuit, the Bowers do not seek damages because of "bodily injury" or property damage" from BCL Home Rehab, LLC. See Docket 1, ¶¶46-48 and Docket 1, Exhibit A. The Bowers simply allege that BCL Home Rehab is a subsidiary of Barnett Capital. See Docket 1, Exhibit A, ¶4. None of the counts seek damages from BCL Home Rehab, let alone damages because of "bodily injury" or "property damage" to which the Policy applies. See Docket 1, Exhibit B, pages14-22. Accordingly, Great American has no duty to defend or indemnify BCL Home Rehab LLC with respect to the Underlying Lawsuit.

- Great American Has No Duty to Defend or Indemnify Barnett Capital Limited. Pursuant to the Policy's insuring agreement, Great American "will pay those sums that the Insured becomes legally obligated to pay. . ." See Docket 1, ¶¶29 and 54 and Docket 1, Exhibit B. As noted above, the Policy was issued to BCL Home Rehab, LLC as a named insured. See Docket 1, ¶26 and Docket 1, Exhibit B. Further, pursuant to Policy Change Number 1 endorsement, the Policy also identifies "additional named insureds." See

8

Docket 1, ¶31 and Docket 1, Exhibit B. However, Barnett Capital is not identified as an additional named insured in Policy Change Number 1 endorsement. See Docket 1, ¶55 and Docket 1, Exhibit B. Further, Barnett Capital does not fall within the scope of "Insured" under Section II in the Policy, WHO IS AN INSURED. See Docket 1, Exhibit B. As Barnett Capital is not an Insured under the Policy, Great American has no duty to defend or indemnify Barnett Capital.

- <u>Great American Has No Duty to Defend or Indemnify BCL -LT Beneficiary</u>. In the Underlying Lawsuit, the Bowers do not seek damages because of "bodily injury." See Docket 1, ¶46 and Docket 1, Exhibit A. The Bowers also do not seek damages because of "property damage." See Docket 1, ¶¶47-48 and Docket 1, Exhibit A. The Bowers seek damages because of faulty workmanship. See Docket 1, ¶48 and Docket 1, Exhibit A, ¶¶10, 12, 14, 16, 25 and 30. The Policy does not afford coverage for faulty workmanship. *Acuity Ins. Co. v. 950 West Huron Condominium Assoc., et al.*, 138 N.E.3d 189 (Il. App 2019) (citations omitted) (a commercial general liability policy does not cover an accident of faulty workmanship, but faulty workmanship which causes an accident); *see also Travelers Ins. Co. v. Eljer Mfg., Inc.*, 197 Ill. 2d 278, 313–14, 757 N.E.2d 481, 503 (2001) ("[I]f we were to interpret the post–1981 excess CGL policies as urged by the policyholders, 'the policy would not only provide insurance against tort liability, but would function as a performance bond as well.'").

In light of the foregoing, entry of a default judgment against the BCL Entities is warranted, and a judgment should enter declaring that the Great American Policy does not cover the Bowers' claims against the BCL Entities. A proposed judgment is attached to this motion.

**B. Entry of Final Judgment is Appropriate and Warranted.**

All relief sought by Great American in its Complaint has been granted and there is no reason to further delay of entry of a final judgment against all Defendants. In the Complaint, Great American sought entry of judgment in its favor and a declaration that:

(1) Great American has no duty to defend any of the Defendants in the

9

>> Underlying Lawsuit under the Policy and (2) Great American has no duty to indemnify any of the Defendants in the Underlying Lawsuit under the Policy.

Complaint, Docket No. 1, p. 22.

The Court's March 1, 2023 Order stated that "Great American has no duty to defend or indemnify the defendants in the underlying suit." Once the Court grants default judgments against the BCL Entities, all relief sought in the Complaint will have been granted. Accordingly, under Rule 58, since all relief has been granted, a final judgment should be entered in favor of Great American. A proposed judgment is attached to this motion.

### IV.  Notice and Statement Pursuant to Order of June 4, 2021

To date, Plaintiff has had no contact with any representative (or attorney) for the BCL Entities, and accordingly cannot confirm in accordance with the Court's June 4, 2021 Order (Docket No. 43) as to whether the motion is unopposed or opposed, except to state that a party in default has failed to timely oppose the claims of the Complaint and the allegations are deemed admitted, and therefore as a matter of law the Court should find this motion is unopposed. In accordance with the Court's Order Granting Leave to serve the BCL Entities via the Illinois Secretary of State (Docket No. 24), Plaintiff will serve this motion via the Illinois Secretary of State, and Plaintiff will send a copy via first class mail, postage prepaid, to the BCL Entities' registered agent, LP Agents, LLC, 2 N. LaSalle St., Ste. 1300, Chicago, IL 60602.

## V. CONCLUSION

For the reasons set forth above, Great American is entitled to a default judgment against the BCL Entities, and to a final judgment in its favor and against each of the Defendants in this action. Accordingly, Great American respectfully requests entry of (1) a default judgment order against each of the BCL Entities, and (2) a final judgment against each of the Defendants.

March 23, 2023                    Respectfully submitted,

/s/ *John Eggum*
Matthew S. Ponzi
John Eggum
Foran Glennon Palandech Ponzi & Rudloff PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
(312) 863-5053
mponzi@fgppr.com
jeggum@fgppr.com

Attorneys for Plaintiff,
*Great American E & S Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served on all counsel of record on March 23, 2023 via CM/ECF, the Court's electronic notification system.

The motion was also served via first class United States mail, postage prepaid, on the Illinois Secretary of State and on the BCL Entities' registered agent, LP Agents, LLC, 2 N. LaSalle St., Ste. 1300, Chicago, IL 60602

/s/ John Eggum
John Eggum